**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| ODENTHIA SHERELL DOZIER,           ) <br> ) <br> Claimant,           ) <br> ) <br> vs.           ) <br> ) <br> CAROLYN W. COLVIN, *Acting* ) <br> *Commissioner of Social Security,* ) <br> ) <br> Respondent.           ) <br> ) | No. 1:14-cv-00029-DCN <br><br> **ORDER** |

This matter is before the court on United States Magistrate Judge Shiva V. Hodges' Report and Recommendation ("R&R") that the court affirm the Commissioner of Social Security's decision to deny claimant Odenthia Sherell Dozier's ("Dozier") application for supplemental security income ("SSI"), disability insurance benefits ("DIB"), and disabled widow's insurance benefits ("DWIB"). Dozier filed objections to the R&R. For the reasons set forth below, the court rejects the R&R, reverses the Commissioner's decision, and remands for further administrative proceedings.

## I.  BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A.     Procedural History

Dozier filed an application for DIB, DWB, and SSI on September 3, 2010, asserting that she had been disabled since May 19, 2010. The Social Security Administration ("the Agency") denied her application both initially and on reconsideration. Dozier requested a hearing before an administrative law judge ("ALJ"), and ALJ Marcus Christ presided over a hearing held on July 17, 2012. In a decision

1

issued on July 27, 2012, the ALJ determined that Dozier was not disabled. The Appeals Council denied review on November 5, 2013, making the ALJ's decision the final decision of the Commissioner.

Dozier filed the present action for judicial review on January 3, 2014. On September 2, 2014, she filed a brief requesting that this court reverse the Commissioner's decision and remand the case to the Agency for an award of benefits or for further administrative proceedings. On October 17, 2014, the Commissioner filed a brief contending that her decision should be upheld. On March 3, 2015, the magistrate judge issued an R&R, recommending that the Commissioner's decision be affirmed. Dozier objected to portions of the R&R on March, 18, 2015, and the Commissioner responded to those objections on April 2, 2015. This matter has been fully briefed and is now ripe for the court's review.

### B.     Dozier's Medical History

Because the parties are familiar with Dozier's medical history, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Dozier was 51 years old at the time of the hearing. She completed the eleventh grade. She has past relevant work ("PRW") as a housekeeper, a drycleaner helper, and a cashier.

### C.     ALJ's Findings

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-

step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an illness contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

To determine if Dozier was disabled from May 19, 2010 through the date of her decision, the ALJ employed the statutorily-required five-step sequential evaluation process. At step one, the ALJ found that Dozier did not engage in substantial gainful activity during the period at issue. Tr. 14. At step two, the ALJ found that Dozier suffered from the following severe impairments: chronic obstructive pulmonary disease ("COPD"), degenerative disc disease, and obesity. Tr. 14. At step three, the AJL found that Dozier's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in the Agency's listing of impairments. Tr. 15. Before reaching the fourth step, the ALJ determined that Dozier retained the

residual functional capacity ("RFC") to perform light work. Tr. 15. Specifically, the ALJ found that Dozier could perform less than the full range of light work limiting her to "occasional foot control operation with the left lower extremity, occasional climbing [sic] ramps and stairs, occasional stooping, crouching, kneeling and crawling, [and] frequent reaching." Tr. 16. The ALJ found that Dozier could not climb ladders, ropes, or scaffolds and that she should avoid "concentrated exposure to extreme heat and cold and moderate exposure to irritants such as fumes, odors, and gases." Tr. 16. At step four, the ALJ found that Dozier was capable of performing past relevant work as a cashier. Tr. 21. At the fifth step, the ALJ found that Dozier could also perform other jobs existing in significant numbers in the national economy and concluded that Dozier was not disabled during the period at issue. Tr. 21–22.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). This court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance."

Id. (internal citations omitted).  "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence."  Id.

### III.   DISCUSSION

Dozier makes two objections to the R&R.  First, she contends that the magistrate judge erred in finding that the ALJ properly assessed Dozier's impairments at step two of the evaluation process.  Second, she argues that the magistrate judge erred in finding that the ALJ did not improperly penalize Dozier for failing to obtain treatment she could not afford.  Dozier contends that the ALJ's errors resulted in an improper RFC assessment.  Because Dozier's second objection is a sufficient basis for remand, the court will not address Dozier's first objection.

Dozier argues that the ALJ penalized her for failing to obtain treatment that she could not afford.  Pl.'s Objections 3.  She argues that the ALJ's failure to acknowledge Dozier's inability to afford treatment improperly influenced his findings on Dozier's credibility and RFC finding.  Pl.'s Objections 3.

The Fourth Circuit has found that a claimant "may not be penalized for failing to seek treatment she cannot afford."  Lovejoy v. Heckler, 790 F.2d 1114, 1117 (4th Cir. 1986).  As a result, an ALJ should not discount a claimant's subjective complaints on the basis of her failure to seek medical treatment when she has asserted—and the record does not contradict—that she could not afford such treatment.  Id.  See also 20 C.F.R. §§ 404.1530(a),(b), 416.930(a),(b); SSR 96–7p ("[T]he individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints,

5

or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure.").

The ALJ's analysis focused on Dozier's limited medical treatment history. For example, in setting forth his findings that Dozier's complaints were not credible, the ALJ wrote:

> The claimant's credibility is diminished by her history of treatment medication non-compliance. . . . The claimant alleged a lack of treatment because she has no health insurance and cannot afford it; however, there are agencies and/or medication on a low cost or no cost basis. . . . in spite of her allegations of disabling pain, she has not sought additional treatment including physical therapy, biofeedback, surgery, or treatment from pain medications.

Tr. 18. The ALJ summed up this discussion by stating that: "This extremely conservative course of treatment is inconsistent with a level of severity that would preclude the claimant from sustaining any work activity." Tr. 18. Accordingly, the court finds that the ALJ penalized Dozier for her limited medical treatment.

Further, at the ALJ hearing, Dozier noted several times that she could not afford some of her medical treatments. Tr. 38. When discussing her financial situation, Dozier expressed frustration over the fact that "some of the medical treatments that I need I can't get it because I don't have the money to pay the doctor every time I go to the hospital. And they be asking me for insurance, and so half my medical treatment I can't even get." Tr. 38. Dozier then repeated that she could not obtain medical treatments. She stated, "I don't have insurance, I don't have the money to pay it." Tr. 38.

In his otherwise thorough opinion, the ALJ did not include specific factual findings regarding the resources available to Dozier and whether her failure to seek additional medical treatment was based upon her alleged inability to pay. Rather, he

6

stated that there are low cost agencies that can provide treatment. However, the ALJ did not inquire about Dozier's effort to obtain treatment from such agencies at the ALJ hearing. Accordingly, "[b]ecause . . . the ALJ's analysis of [Dozier's] credibility both relies heavily on her limited medical treatment history and fails to adequately address whether she could afford to pay for other medical treatment, remand is warranted." Gadsden v. Colvin, No. 4:12–cv–2530, 2014 WL 368216, at *4 (D.S.C. Feb. 3, 2014).

Although the ALJ did reference Dozier's smoking habits as another reason to question her credibility, the court notes that the ALJ did not remark on Dozier's smoking as a reason to doubt her inability to afford treatment. Rather, the ALJ noted that Dozier's smoking detracted from her claims of respiratory issues. Tr. 18; see Buckley v. Commissioner of Social Security, No. 1:14–cv–00124, 2015 WL 3536622, at *21 (D.S.C. June 5, 2015) (finding that the ALJ properly "cited evidence to suggest that [the claimant's] testimony was not fully credible regarding alleged financial barriers to treatment," including the ALJ's notes that the claimant "smokes cigarettes daily despite their associated financial costs") (internal quotes omitted). Indeed, the ALJ has not offered any testimony from Dozier that would support questioning her claim of inability to afford treatment.

On remand, the ALJ should make factual findings regarding Dozier's financial situation and its impact on her ability to seek medical treatment. To the extent that the ALJ continues to find that Dozier's lack of medical treatment lessens her credibility, the ALJ should refer specifically to the evidence that informs his conclusions, taking care that he does not penalize Dozier for failing to seek treatment she could not afford. Because the ALJ's improper penalization of Dozier for her failure to seek treatment is a

sufficient basis for remand, the court will not address Dozier's first objection to the R&R. However, when reviewing the case on remand, the ALJ should consider Dozier's other allegations of error.

## IV.   CONCLUSION

For the reasons set forth above, the court **REJECTS** the R&R, **REVERSES** the Commissioner's decision, and **REMANDS** under sentence four of 42 U.S.C. § 405(g) for further proceeding.

**AND IT IS SO ORDERED**.

                                       **DAVID C. NORTON**
                                       **UNITED STATES DISTRICT JUDGE**

**August 10, 2015**
**Charleston, South Carolina**